UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| FOREST RIVER HOUSING, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 3:06-CV-841 AS |
| | ) |
| PATRIOT HOMES, INC., | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

On December 22, 2006, Plaintiff Forest River Housing, Inc., (Forest River) filed a complaint in this Court based on copyright infringement. Defendant Patriot Homes, Inc. (Patriot) filed an answer on March 9, 2007. On March 13, 2007, Forest River served its first request for production on Patriot. A response to that request was due by April 16, 2007. However, Patriot did not respond to Forest River by that date. Therefore, Forest River "conducted" a Fed. R. Civ. P. 37 conference to informally resolve with Patriot why Patriot had failed to respond or comply with Forest River's request. The Fed. R. Civ. P. 37 conference apparently consisted of two or three emails and a telephone call.

Under Fed. R. Civ. P. 37 and Local Rule 37.1, when a party moves to compel disclosure of discovery "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the person failing to make the discovery in an effort to secure the information or material without court action." Fed. R. Civ. P. 37(a)(2)(A). The aggrieved party must attempt to confer with the unresponsive party in an attempt to obtain the desired material without court action. 8A Wright, Miller, and Marcus, Federal Practice and Procedure § 2285 (2d ed. 1994). Furthermore, the movant must include "the date, time, and

place of the conference or attempted conference and the names of all persons participating therein." N.D.L.R. 37.1(a). If the parties are unable to reach agreement on the disclosure of discovery, they may seek court action to resolve the conflict. Fed. R. Civ. P. 37(a). However, it is not this Court's duty to become a third party to discovery disputes between the litigants. Levy Ind. Slag Co. v. Int'l Union of Operating Eng'rs, 2006 WL 1765417 at 4 (N.D. Ind. 2006).

In the present case, Forest River contends that they satisfied Local Rule 37.1(a) because they exchanged emails with Patriot and held a telephone conversation. However, after examining the communications, this Court finds the parties have not adequately met and conferred before Forest River sought court action

First, Forest River indicates that on April 18, 2007, that the parties had a telephone conversation about Patriot's failure to comply. Forest River states it was a good faith attempt to obtain the materials without court action, but it was unsuccessful. Patriot, in its response indicates it was not aware that the April 18, 2007, telephone conversation was a Fed. R. Civ. P. 37 conference. Furthermore, Patriot expressed confusion because they indicated they are attempting to comply with Forest River's request. Fed. R. Civ. P. 37(a) envisions a genuine two-way communication where the parties engage in a meaningful dialogue to resolve the issues without judicial intervention. See generally Shuffle Master Inc. v. Progressive Games, Inc., 170 F.R.D. 166, 171 (D.C. Nev. 1996). This Court has no transcript or other evidence to objectively analyze the April 18, 2007, conversation. The discrepancies between the parties as to the purpose and content of that conversation, though, indicates that whatever communication took place on April 18, 2007, was not a genuine two-way communication or meaningful dialogue with an eye toward resolving the issues.

2

Second, two emails, one sent by the Forest River and another by Patriot do not constitute meaningful discussion or serious negotiations to resolve the disputed discovery issue (P's Reply Ex. B).  Cf. Hoelzel v. First Select Corp., 214 F.R.D. 634 (D.C. Colo. 2003) (indicating a single email indicating that party was going to file a motion to compel did not satisfy the meet and confer requirement).  Email may be an appropriate means of communication to satisfy Fed. R. Civ. P. 37(a), but it is not appropriate in this case where the substance of one email recites the party's desire to conform with the other party's request and one response constitutes a warning that a motion to compel might be filed.  Forest River also submits several other emails, but none of them specifically address the conflict regarding Forest River's motion to compel.  These communications do not look like bartering or negotiations as envisioned by Fed. R. Civ. P. 37(a).

This Court is fully aware of the companion case between these parties and all of its history.  Copyright infringement is difficult subject matter with extensive and time consuming discovery.  The communications in this case simply do not represent meaningful dialogue or show an attempt at a such dialogue to satisfy Fed. R. Civ. P. 37(a), especially given the subject mater of this case.  Seeking a motion to compel without working with the opposing party as required by the Federal Rules is not an appropriate shortcut.  Consequently, Forest River's motion to compel is **DENIED WITHOUT PREJUDICE** [Doc. No. 14].

This Court **ORDERS** the parties to meet and confer in much greater detail with regards to the alleged discovery.  If Patriot still fails to comply with Forest River's request, then Forest River may re-file its motion.  However, Patriot's response to Forest River's motion to compel indicates a willingness to comply, and as a consequence, this Court is encouraged that such measures may not be needed.

3

**SO ORDERED.**

Dated this 7th Day of May, 2007.

<u>s/Christopher A. Nuechterlein</u>
Christopher A. Nuechterlein
United States Magistrate Judge
